**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| ION J. SKILLRUD,<br><br>     Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC. and THE HOME DEPOT, INC.,<br><br>     Defendants. | Case No.: _____<br><br>**DEFENDANTS' NOTICE OF REMOVAL** |

Defendants Home Depot U.S.A., Inc. and The Home Depot, Inc. (collectively referred to herein as "Home Depot"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, by this Notice hereby remove this action from the District Court of Dakota County, Minnesota to the United States District Court for the District of Minnesota.  As explained below, this Court has jurisdiction under 28 U.S.C. § 1332 and 1441 et. seq.  Complete diversity of citizenship exists between Plaintiff and Defendants and it is evident from the Complaint, and upon information and belief, that the amount in controversy exceeds $75,000, exclusive of interest and costs.

**I. The State Court Action**

Plaintiff Ion J. Skillrud commenced a civil action captioned *Ion J. Skillrud v. The Home Depot U.S.A., Inc. and The Home Depot, Inc.*, in the District Court of Dakota County, Minnesota by serving a Complaint dated October 27, 2020 on Home Depot's registered agent (the "State Court Action").  A copy of Plaintiff's Summons and Complaint are attached to this Notice and constitute all process, pleadings, and orders

served or filed in the State Court Action. Consequently, Home Depot is filing this Notice within 30 days of the first date on which it received a copy of the Complaint. Thus, the the removal is timely. 28 U.S.C. § 1446(b). Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice is also being served upon counsel for Plaintiff, and a copy is being filed with the District Court of Dakota County.

In the State Court Action, as set forth in the Complaint, Plaintiff claims he sustained personal injuries on or about January 3, 2019, when he was struck in the head by a rack holding merchandise, and/or merchandise itself, at the Home Depot located at 3220 Denmark Avenue, Eagan, Dakota County, Minnesota. (Plaintiff's Complaint, ¶ VII). Plaintiff claims that Home Depot was negligent and seeks compensation for his injuries and damages.

## II. REMOVAL IN THIS CASE IS PROPER

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 for the reasons set forth below:

 **a.** **Complete diversity exists**: The following statements were true on both the date that Plaintiff served his Complaint (October 27, 2020) and the date that Home Depot filed its notice of removal (November 13, 2020):

1. Plaintiff is a citizen of the State of Minnesota (Plaintiff's Complaint, ¶ I).

2. Defendant Home Depot is incorporated in the State of Delaware, with its principal place of business is in the State of Georgia. (See Plaintiff's Complaint ¶¶ II, IV) ("[Home Depot] is a foreign corporation…").

**b.     The amount in controversy exceeds $75,000.00**.  Based on the content of Plaintiff's Complaint, Plaintiff's pre-suit settlement demands that were many multiples of $75,000.00, Plaintiff's refusal to irrevocably stipulate that his damages are equal to or less than $75,000.00, and upon information and belief related to Plaintiff's injuries and damages, Home Depot believes in good faith that the amount in controversy exceeds $75,000.00, exclusive of costs and interest.

Home Depot satisfies its burden to prove that the amount in controversy exceeds $75,000.00 even though an amount of damages is not specified in Plaintiff's Complaint. *See Kaufman v. Costco Wholesale Corp.*, 571 F.Supp.2d 1061, 1063 (D. Minn. 2008) (*citing In re Minn. Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003) (Where the Plaintiff does not allege a specific amount in the complaint, the removing party bears the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00).  In the Eighth Circuit, the amount in controversy is measured by the "value to the plaintiff of the right sought to be enforced." *Advance Am. Servicing of Ark. V. McGinnis*, 526 F.3d 1170, 1173 (8th Cir. 2008).  *See also Hartridge v. Aetna Cas. & Surety Co.*, 415 F.2d 809, 815 (8th Cir. 1969) (the amount in controversy is the amount that the complainant seeks to recover or the sum that defendant will lose if the complainant wins the suit).  In other words, the amount in controversy is the amount that Plaintiff will seek from a jury in this matter.

Although Home Depot denies liability, Home Depot believes that Plaintiff will seek from a jury an amount greater than $75,000.00.  *See Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 821 (8th Cir. 2011) (*quoting In re Reisenberg*, 208 U.S. 90, 107-08

(1908)) ("Jurisdiction does not depend upon the fact that the defendant denies the existence of the claim made, or its amount or validity").  Plaintiff claims that he suffered injuries as a result of the subject incident including a traumatic brain injury.  He further claims that his damages include past and future medical expenses, loss of earnings, impairment of his ability to earn a living, and pain and suffering.  Such damages are "routinely" considered by courts in determining whether the amount in controversy threshold is met.  *See Raymond v. Lane Constr. Corp.*, 527 F. Supp. 2d 156, 163 (D. Maine 2007).

WHEREFORE, Defendants, Home Depot U.S.A., Inc. and The Home Depot, Inc. hereby remove the State Court Action to this Honorable Court.

**NILAN JOHNSON LEWIS PA**

Date:  November 13, 2020

/s/*David J. Warden*
David J. Warden     Reg. No. 393474
Christy M. Mennen  Reg. No. 322349
250 Marquette Avenue South, Suite 800
Minneapolis, MN  55401
Phone:  (612) 305-7500
E-mail: dwarden@nilanjohnson.com
E-mail: cmennen@nilanjohnson.com

**LEDERER WESTON CRAIG PLC**

Benjamin M. Weston (Application for admission forthcoming)
4401 Westown Parkway, Suite 212
West Des Moines, IA  50266
Phone: (515) 224-3911
E-mail: bweston@lwclawyers.com

***ATTORNEYS FOR DEFENDANTS
HOME DEPOT, U.S.A., INC. and
THE HOME DEPOT, INC.***